IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHAD ANDREW STITES,

                           Petitioner,                        OPINION AND ORDER

    v.

                                                                   15-cv-506-wmc

SARAH WESCOTT, DOC Supervisor, and
JOSH CHAMPION, DOC Agent,

                           Respondents.

Petitioner Chad Andrew Stites filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the calculation of the sentence he received when his extended supervision was revoked. After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that this case is subject to dismissal for reasons set forth below.

BACKGROUND

Stites has multiple convictions from Dane County Circuit Court that are related to his petition: robbery with the use of force, Case No. 2003CF424; fleeing an officer, Case No. 2006CF150; and issuing worthless checks, Case No. 2006CF641. Apparently Stites was released from prison and placed on extended supervision on December 10, 2009. On April 18, 2011, however, his extended supervision was revoked and he was returned to prison. The Amended Revocation Order and Warrant includes a section labeled "Period of Reincarceration," and states that Stites was being returned to prison on three sentences: a term of one year, two months and nine days in 2003CF424: 11 months and seven days in 2006CF641: and two months in 2006CF150. *See* Dkt. 1-5. This order included a "Jail Credit Due" section, on which notes were hand written that appeared to calculate jail time credit due to Stites.

In September of 2012, Stites filed a § 2254 petition in this court, in which he claimed that he was improperly denied this jail time credit. Stites also claimed that he was denied effective assistance of counsel, due process and equal protection as a result. On October 18, 2012, this court dismissed his petition for failure to exhaust his state court remedies. *See Stites v. Morgan*, 13-cv-663-wmc, dkt. 2 (W.D. Wis. Oct. 18, 2012). In dismissing Stites's petition, the court noted that on July 30, 2012, Stites had filed a motion with the Dane County Circuit Court to modify or adjust the sentence he had received following his parole revocation. The circuit court denied the motion on August 24, 2012. This court noted that Stites had filed a notice of appeal from the circuit court's August decision, and that this appeal remained pending in the Wisconsin Court of Appeals. For that reason, this court held that Stites had not yet exhausted his state court remedies. The court rejected Stites' argument that it would be futile for him to litigate his claims in the state court because Wisconsin has procedures in place for review of a prisoner's challenge to the calculation of sentence credits. Although the court dismissed the petition, it did so without prejudice to Stites' ability to file a new petition once he had exhausted his state court remedies.

Stites's pending petition attaches the same April 18, 2011, Revocation Order and Warrant (dkt. #1-6), the docket sheets for the three underlying convictions (dkts. #1-2, #1-3, #1-4), and an April 21, 2014, decision from the Wisconsin Court of Appeals (dkt. #1-1). The Wisconsin Court of Appeals decision affirmed the circuit court's August 2012 decision denying Stites' initial motion concerning his sentence credit. Stites did not seek review by the Wisconsin Supreme Court; the state circuit and appellate court's docket sheets, available at

http://wscca.wicourts.gov, show that Stites did not file a petition for review of the appellate court's decision, and that the case is closed.

OPINION

The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have Athe first opportunity to review this claim and provide any necessary relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy the requirement found in § 2254(b), "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *Id.* at 839-40.

Inherent in the habeas petitioner's obligation to exhaust his state court remedies is the duty to fairly present his federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Boyko v. Parke*, 259 F.3d 871, 788 (7th Cir. 2001) (citing *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999); *see also Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To satisfy this requirement, the petitioner must have placed both the operative facts and the controlling legal principles before the state courts. *See Boyko*, 259 F.3d at 788 (citing *Rodriguez*, 193 F.3d at 916).

Stites did not exhaust his state court remedies because he failed to provide the Wisconsin Supreme Court the opportunity to review his sentence credit claim. He acknowledges as much,

3

but again argues that his appeal would be futile. As in his 2012 petition, Stites cites to *State v. Boettcher*, 144 Wis.2d 86, 100 (1988), in which the Wisconsin Supreme Court held that sentence credit cannot be applied for a second time on consecutive sentences when it has already been granted on an earlier sentence. Stites argues that this decision shows that the "Wisconsin Supreme Court has consistently denied review to defendants that [have] challenged sentence credit." (Dkt. #1, at 1.) Yet the Wisconsin Supreme Court's decisions rejecting sentence credit claims are not determinative of whether a state court remedy would be futile; the inquiry is "whether there is any available state procedure for determining the merits of petitioner's claim." *White v. Peters*, 990 F.2d 338, 341-42 (7th Cir. 1993); *see also Spreitzer v. Schomig*, 219 F.3d 639, 648 (7th Cir. 2000).

By citing to *Boettcher*, Stites demonstrates that he knows prisoners have the opportunity to bring sentence credit claims before the Wisconsin Supreme Court, and so he is well-aware that Wisconsin procedures provide an avenue for him to seek relief. Stites argues that the decision in *Boettcher* is wrong, but he does not claim that he faced some sort of impediment to seeking review of the Wisconsin Court of Appeals' decision. Accordingly, because review was available but Stites chose not to afford the Wisconsin Supreme Court the opportunity to review his claim, his petition must be dismissed for failure to exhaust state court remedies.

At this juncture, this court likely will dismiss Stites's petition with prejudice because his failure to seek review by the Wisconsin Supreme Court now constitutes procedural default. Pursuant to state law, Stites was required to file a petition for review within 30 days of the April 21, 2014, decision of the court of appeals, but he did not. *See* Wis. Stat. § 808.10(1). A petitioner who fails to present his claims in a petition for discretionary review to a state court

of last resort has not properly presented or exhausted his claims and those claims are procedurally defaulted. *O'Sullivan*, 526 U.S. at 848; *see also Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003) (a Wisconsin prisoner seeking federal habeas review must first complete state appellate review process by presenting claims on direct appeal to state court of appeals and then to state supreme court in petition for review).

A habeas petitioner may overcome procedural default by establishing cause for the default, as well as that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some objective factor external to the defense which blocked his ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show actual prejudice, he must present evidence that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Carrier*, 477 U.S. at 496); *accord Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Because procedural default is an affirmative defense, Stites was not required to show cause and prejudice or actual innocence in his original petition. *Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it

5

renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In this instance, a motion to dismiss the petition as procedurally barred would be inevitable.

Therefore, I will give Stites a chance to attempt to overcome the procedural default with respect to his claims by giving him an opportunity to show either: (1) what cause he may have for his failure to properly present his defaulted claim to the Wisconsin Supreme Court, *and* what prejudice he suffered as a result; or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because Stites is actually innocent.

Stites should be aware that if he attempts to establish cause by arguing that an appeal would be futile, that argument will fail. *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time'") (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)).

ORDER

IT IS ORDERED THAT:

1. Not later than **March 14, 2016**, Petitioner Chad Stites is directed show cause, if any, why his petition should not be dismissed as barred by the doctrine of procedural default by showing, in a written document, either:

    (a) what cause he may have for his failure to properly present his defaulted claims in state court, and what prejudice he suffered;

    or

    (b) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent.

2. Petitioner must title his document "Supplement to Petition for a Writ of Habeas Corpus under § 2254" and he must be sure make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

3. No further action will be taken in this case until petitioner files a response to this order.  **If petitioner he does not respond to this order as directed, then the presiding judge will dismiss this case pursuant to Fed. R. Civ. P. 41(b).**

Entered this 11th day of February, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge