IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD ANDREW STITES,

                Petitioner,              OPINION AND ORDER

v.

                                            15-cv-506-slc

SARAH WESCOTT, DOC
Supervisor, and
JOSH CHAMPION, DOC Agent,

                Respondents.

---

Petitioner Chad Andrew Stites filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the calculation of the sentence he received when his extended supervision was revoked. Stites was permitted to show cause why this petition is not barred by the doctrine of procedural default. Then the parties consented to magistrate judge jurisdiction, and on May 18, 2016, this case was reassigned to me. (Dkt. 9.) After reviewing Stites' submissions, I have concluded that this case must be dismissed for the reasons set forth below.

BACKGROUND

Stites has multiple convictions from Dane County Circuit Court that are related to his petition: robbery with the use of force, Case No. 2003CF424; fleeing an officer, Case No. 2006CF150; and issuing worthless checks, Case No. 2006CF641. Apparently Stites was released from prison and placed on extended supervision on December 10, 2009. On April 18, 2011, however, his extended supervision was revoked and he was returned to prison. The Amended Revocation Order and Warrant includes a section labeled "Period of Reincarceration," and states that Stites would return to prison for a term of one year, two months and nine days in

2003CF424, 11 months and seven days in 2006CF641, and two months in 2006CF150. (Dkt. 1-5.) The order also included a "Jail Credit Due" section, which included hand-written notes that appear to calculate jail credit due to Stites.

In September of 2012, Stites filed a § 2254 petition in this court, in which he claimed that he was improperly denied that sentence credit. He also claimed that he was denied effective assistance of counsel, due process and equal protection as a result. On October 18, 2012, this court dismissed his petition for failure to exhaust his state court remedies. *Stites v. Morgan*, No. 3:13-cv-663-wmc, dkt. 2 (W.D. Wis. Oct. 18, 2012). In dismissing the petition, the court noted that on July 30, 2012, Stites had filed a motion with the Dane County Circuit Court to modify or adjust the sentence he received following his parole revocation. The circuit court denied the motion on August 24, 2012. This court noted that he had filed a notice of appeal from the circuit court's August decision, and that the appeal remained pending in the Wisconsin Court of Appeals. For that reason, the court held that Stites had not yet exhausted his state court remedies. The court rejected Stites' argument that it would be futile for him to litigate his claims in the state court because Wisconsin has procedures in place for review of a prisoner's challenge to the calculation of sentence credits. Although the court dismissed the petition, it did so without prejudice to Stites' ability to file a new petition once he had exhausted his state court remedies.

Stites' pending petition attaches the same April 18, 2011, Revocation Order and Warrant (dkt. 1-6), the docket sheets for the three underlying convictions (dkts. 1-2, 1-3, 1-4), and an April 21, 2014, decision from the Wisconsin Court of Appeals (dkt. 1-1). The Wisconsin Court of Appeals decision affirmed the circuit court's August 2012 decision denying Stites' initial

motion concerning his sentence credit. Stites did not seek review by the Wisconsin Supreme Court; the state circuit and appellate court's docket sheets, available at http://wscca.wicourts.gov, show that Stites did not file a petition for review of the appellate court's decision, and that the case is closed.

After reviewing Stites' petition, the court found that he had not exhausted his state court remedies because he did not file a petition for review with the Wisconsin Supreme Court, and that his time to do so had lapsed. The court thus concluded that the petition was subject to dismissal due to procedural default. (Order, dkt. 4, at 5-6.) *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003) (a Wisconsin prisoner seeking federal habeas review must first complete state appellate review process by presenting claims on direct appeal to state court of appeals and then to state supreme court in petition for review). On February 11, 2106, the court issued an order to show cause, directing Stites to submit a supplement to his petition that explained why his petition should not be dismissed as barred by the doctrine of procedural default, and Stites submitted a timely supplement.

## OPINION

### I.     Procedural Default

A habeas petitioner may overcome procedural default by establishing cause for the default, as well as that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some objective factor external to the defense which blocked his ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478,

488 (1986). To show actual prejudice, he must present evidence that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Carrier*, 477 U.S. at 496); *accord Schlup v. Delo*, 513 U.S. 298, 327 (1995).

As the court has previously observed, Stites did not exhaust his state court remedies because he failed to provide the Wisconsin Supreme Court the opportunity to review his sentence credit claim. Further, although the court gave him the opportunity to establish cause and prejudice or actual innocence to overcome procedural default, he has failed to establish that either exception applies to save his petition from dismissal.

In response to the court's order to show cause, Stites first contends, again, that his petition should be excused from the exhaustion requirement, suggesting that the court should ignore that requirement in his circumstances because the Wisconsin Supreme Court has denied review to many petitions similar to his. Yet as the court previously stated, the fact that an argument has not previously won in the Wisconsin Supreme Court does not establish that a petition for review would be futile. *White v. Peters*, 990 F.2d 338, 341-42 (7th Cir. 1993) (whether an appeal might be futile considers the availability of state procedures); *see also Spreitzer v. Schomig*, 219 F.3d 639, 648 (7th Cir. 2000). Stites further claims that he did actually exhaust his state court remedies, but when he fleshes out this argument, he simply repeats his complaints

that he believed his petition to the Wisconsin Supreme Court would have failed. Once again, the court must reject Stites' arguments that exhaustion requirement does not apply to his claim.

Next Stites turns to the procedural default exceptions. First, as to cause and prejudice, he states that he had been relying on the help of another individual, Ken Sherman, during his appeal process, but that he could not reach Sherman to discuss filing his petition for review with the Wisconsin Supreme Court. At first blush, it appears that Stites is presenting an ineffective assistance of counsel argument, but Stites submitted an affidavit from Sherman, and he does not claim to be an attorney, nor has he appeared in this matter (or in the state court appeal) on Stites' behalf. (Sherman aff., dkt. 6.) In fact, Sherman is currently incarcerated at the Columbia Correctional Institutional, and so it appears that Stites has been getting assistance from a former fellow inmate.

Stites' reliance on another layperson does not constitute cause for his failure to exhaust his claim because Sherman did nothing to preclude Stites from actually pursuing his petition with the Wisconsin Supreme Court. Unlike an ineffective attorney, whose inactions may actually create a barrier to a client's ability to raise necessary issues because clients typically rely on their attorneys to access the court on their behalf, Sherman's unavailability only affected Stites' ability to get information from that one source. His unavailability did not bar Stites from getting the information he claims to have needed from another source. Nevertheless, even if Sherman's unavailability could constitute cause, Stites has not shown that if Sherman had assisted him, he would have filed a petition with the Wisconsin Supreme Court and the outcome would have been different such that his desired sentence credit would have been applied. Accordingly, even if he had good cause for his default, he has failed to show that he was prejudiced by it.

5

Finally, Stites appears to make an "actual innocence" argument by claiming that his underlying claim, related to sentence credit, has merit. Yet he has failed to provide any new factual evidence in support of his claim, instead contending that the Wisconsin Supreme Court's decisions on the issue of sentence credit are inconsistent with the United States Constitution. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."). Accordingly, Stites has not shown that any exception to procedural default applies and his petition must be dismissed.

## II. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). A petitioner makes a "substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). Where denial of relief is based on procedural grounds, the petitioner also must show that jurists of reason "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As outlined above, Stites presented a claim that he has failed to bring before the Wisconsin Supreme Court and has thus failed to exhaust state court remedies before seeking federal habeas corpus relief.  Because he failed to exhaust state court remedies that are no longer available, review is barred by the doctrine of procedural default.  Stites has not demonstrated that he fits within any recognized exception to the procedural bar.  The court, therefore, concludes that reasonable jurists would not debate the decision that review is barred by Stites' procedural default.  Accordingly, no certificate of appealability will issue.

ORDER

IT IS ORDERED THAT:

1.  The Petition for Writ of Habeas Corpus filed by Chad A. Stites is DENIED and this case is DISMISSED with prejudice.

2. A certificate of appealability is DENIED.  Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 1st  day of June, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge